We think that the motion made at Special Term to set aside the inquest was properly denied. Motions of this kind are usually made on the ground of irregularity, or *Page 98 
for some valid excuse in allowing the default to be taken, and in case there is any evidence whatever to support the findings, the court will not set aside the inquest. The practice is well settled that a party, in order to avail himself of any objection to any proceeding upon the trial, should appear and raise the question before the judge, and, upon a decision against him, except to the ruling made.
We have held in a very recent case that upon a trial before a judge, where the defendant claims there was no evidence to sustain the decision made against him, he should present the question and take an exception to the ruling had. Applying this rule to the case considered, it is difficult to see how the defendants here could obtain any relief by a motion to set aside the inquest. Their remedy was to appear upon the trial, make the proper objection, and take an exception to the ruling of the court, if adverse to their claim. Upon appeal from the judgment the questions raised on the trial could then be presented and determined.
In this case exceptions were taken to the findings of the court, and the defendants could either have appealed or taken a new trial under the statute upon payment of costs. As they clearly had the latter remedy, it is not important to determine whether the right to appeal existed.
Assuming, however, that the motion was properly made, as an appeal to the General Term was taken from the order denying the motion, it was a matter of discretion with the General Term to determine whether the order should be affirmed or reversed, and it having exercised that discretion, no appeal lies to this court.
The appeal should be dismissed.
All concur, RUGER, Ch. J., and EARL, J., in result.
Appeal dismissed. *Page 99